## Weatherly Area School District Election Contest

*Thomas W. Durnin,* for appellants.

*Roger N. Nanovic,* for respondent.

HEIMBACH, P. J., November 26, 1969.—We have before us the petition of five electors of the Borough of Weatherly, praying that we decree and adjudge the general election held November 4, 1969, for the election of three school directors for a four-year term in the Weatherly Area School District invalid, and order a special election in such district. We have treated such petition, notwithstanding its caption, as an appeal under the Pennsylvania Election Code of

June 3, 1937, P. L. 1333, art. XIV, sec. 1407, from the action of the election board in declaring Lawrence W. Erdman, John L. Hartzog and Marion E. Gerhard the successful candidates.

The following fairly summarizes the testimony taken at a hearing held upon such petition:

The election returns showed that the total votes returned for candidate John L. Hartzog exceeded the total number of persons who voted in said school district. Pursuant to section 1404 of article XIV(e) of the Pennsylvania Election Code, supra, the election board caused an investigation to be made. Such investigation showed, and we so find, that the county election board unintentionally failed to set up the machine in such a manner as to prevent one voter from voting more than once for the same candidate. The error was not discovered until early afternoon of election day. The return board concluded the error in no manner affected the election results and orally declared the three directors receiving the highest number of votes to be the successful candidates. The three successful candidates were Lawrence W. Erdman, who received 934 Republican votes, John L. Hartzog, who received 862 Republican votes and 563 Democratic votes, and Marion E. Gerhard, who received 862 Democratic votes. The remaining and defeated candidate was John Timko, who received 477 Republican votes and 375 Democratic votes. At the primaries John L. Hartzog and John Timko won the Republican nominations and the Democratic nominations by write-ins. Their names appeared on both the Republican and Democratic columns on the voting machines, as follows:

| Offices | SCHOOL DIRECTOR<br>6-Year Term<br>(Vote for Three) |
| --- | --- |

Party Levers

| A<br>REPUBLICAN | REPUBLICAN<br>Lawrence W.<br>ERDMAN | REPUBLICAN<br>John L.<br>HARTZOG | REPUBLICAN<br>John<br>TIMKO |
| --- | --- | --- | --- |
| B<br>DEMOCRATIC | DEMOCRATIC<br>Marion E.<br>GERHARD | DEMOCRATIC<br>John<br>TIMKO | DEMOCRATIC<br>John L.<br>HARTZOG |

The testimony is that under this arrangement of candidates a voter could vote twice for the same candidate. To prevent this the names of Hartzog and Timko as Republicans should have been placed immediately above the names Hartzog and Timko as Democrats. If placed in that fashion the machine could have been locked so that the voter could have had his choice to vote for Hartzog and Timko as Republicans or Hartzog and Timko as Democrats, but not to vote for them both as a Republican and as a Democrat. Since a voter could vote twice for Hartzog or Timko, the election board correctly followed the mandate of article XIV, sec. 1406, and did not cumulate Hartzog's nor Timko's votes. However, whether or not the votes were accumulated, the results would have been no different. Timko received the least number of votes of the four candidates, with or without accumulation.

Were we to set aside the election as prayed for, since we could not order a special election (see section 1721 of the Pennsylvania Election Code, providing for vacancies to be filled as may be provided by law), we would be denying the successful candidates the offices they are entitled to have, and likewise denying the voters their right of franchise, because of an unintentional mistake of the election board that fortunately in the instant matter had no effect on the results.

Wherefore we enter the following

## ORDER

Now, November 28, 1969, the appeal of Franklin Corra, Harvey R. Feaster, William Bock, Joseph Oleck

and Sarah R. M. Corra is dismissed, and the election board is directed to certify the returns for the office of school director in accordance with this opinion.

Costs on the County of Carbon.